UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NARRAGANSETT JEWELRY CO., INC., :
d/b/a C&J JEWELRY CO., INC., :
                Plaintiff, :
                          :
       v.                       :    CA 05-225 T
                          :
ST. PAUL FIRE AND MARINE INSURANCE :
COMPANY, :
                Defendant. :

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER**

Before the Court is Defendant's Motion for Protective Order (Document ("Doc.") #14) (the "Motion"). A hearing on the Motion was conducted on November 16, 2006, and thereafter the Court took the matter under advisement.

As was true for a previous motion, see Order Denying Plaintiff's Motion to Compel Production (Doc. #11), the resolution of the instant Motion turns on the fact that Plaintiff's claim for bad faith (Count II) has been severed and Plaintiff's claims for indemnity and/or defense (Counts I and III) will be tried first, see Order (Doc. #8) of 5/4/06.[1] "[I]n determining whether a duty to defend exists, there is no need to resolve any factual issues. The determination involves 'nothing

---

[1] Count I of the Complaint seeks a declaratory judgment that Defendant is required to pay Plaintiff: the cost of defending the action brought by Slane & Slane against Plaintiff (including attorney's fees), the amount Plaintiff paid to settle that lawsuit, and the costs of the instant litigation. See Complaint (Doc. #1) ¶¶ 9-11. Count II alleges that Defendant acted in bad faith in refusing to provide a legal defense. See id. ¶¶ 12-15. Count III alleges that Defendant breached its contract of insurance with Plaintiff by not providing policy coverage and/or a legal defense to the complaint and/or amended complaint brought by Slane & Slane. See id. ¶¶ 16-19.

more than comparing the allegations in the complaint with the terms of the policy. If the facts alleged in the complaint fall within the risks covered by the policy, the insurer is obligated to defend. Otherwise, it is not.'" Employers Mut. Cas. Co. v. PIC Contractors, Inc., 24 F.Supp.2d 212, 215 (D.R.I. 1998) (quoting Aetna Cas. & Sur. Co. v. Kelly, 889 F.Supp. 535, 541 (D.R.I. 1995)(citing Flori v. Allstate Ins. Co., 388 A.2d 25 (R.I. 1978))).

Plaintiff seeks to conduct a Rule 30(b)(6) deposition of "the person or persons most knowledgeable concerning the denial of insurance coverage in the instant action." Memorandum of Law in Support of Defendant's Motion for Protective Order ("Defendant's Mem."), Exhibit ("Ex.") A (Notice to Take Deposition upon Oral Examination). It offers several reasons why it should be allowed to do so. See Memorandum of Law in Opposition to Defendant['']s Motion for Protective Order ("Plaintiff's Mem."). First, citing Employers Fire Ins. Co. v. Beals, 240 A.2d 397 (R.I. 1968), abrogated on other grounds by Peerless Ins. Co. v. Viegas, 667 A.2d 785, 789 (R.I. 1995), Plaintiff asserts that it "is clearly entitled to question the designated individual as to whether there may be a question concerning[] the adequacy of the pleadings to encompass an occurrence within the coverage of the policy ...," Plaintiff's Mem. at 2, and whether "there were doubts as to the policy language and whether those doubts were resolved in favor of the insured," id. No pinpoint citation is provided for these propositions, and the Court fails to find the former proposition in Beals. The second proposition appears to be drawn from the following passage:

> [A] liability insurer's duty to defend is predicated not upon information in its possession which indicates or even proves non-coverage, but instead upon the

2

> allegations in the complaint filed against the insured; in other words, when a complaint contains a statement of facts which bring the case within or potentially within the risk coverage of the policy, the insurer has an unequivocal duty to defend. Furthermore, any doubts as to the adequacy of the pleadings to encompass an occurrence within the coverage of the policy are resolved against the insurer and in favor of its insured.

Employers Fire Ins. Co. v Beals, 240 A.2d at 403 (internal citations omitted).

The Court does not read the above language as supporting Plaintiff's implicit contention that it is relevant to the breach of contract action whether Defendant had doubts "as to the policy language and whether those doubts were resolved in favor of the insured," Plaintiff's Mem. at 2. Rather, the quoted language directs that the Court in applying "the pleading[s] test,"[2] Employers Fire Ins. Co. v. Beals, 240 A.2d at 402, must resolve such doubts in favor of the insured, id. at 403. While the fact that Defendant may have had doubts that there was coverage (and resolved such doubts against Plaintiff) might be relevant to Plaintiff's bad faith claim, it is not relevant to the breach of contract claim. The Court, thus, rejects Plaintiff's first argument.

Second, Plaintiff contends that the deposition "may reveal

---

[2] A cogent explanation of the "pleadings test" is found in American Commerce Insurance Co. v. Porto, 811 A.2d 1185 (R.I. 2002):

> In general, the duty to defend an insured in this jurisdiction is determined by applying the pleadings test. That test requires the trial court to look at the allegations contained in the complaint, and if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff.

Id. at 1191 (internal quotation marks and citations omitted).

3

that the language of the policy and policy exclusions are so ambiguous and misleading causing a reasonable purchaser of the Commercial General Liability Policy in question to be misled as to what has actually been purchased." Plaintiff's Mem. at 2. The Court is unpersuaded that this is a valid basis for permitting the discovery sought. Whether the policy is ambiguous will be determined by an examination of that document. Plaintiff is free to point out all the ambiguities that it believes exist. However, the Court fails to see a need at this juncture for Plaintiff to question Defendant's Rule 30(b)(6) designee on this issue.

Third, Plaintiff notes that in the denial letter Defendant's claims representative referred to various exclusions which allegedly defeated coverage, including an exclusion which was inapplicable to Plaintiff because the Policy in fact provided this particular coverage. See Plaintiff's Mem. at 2. Plaintiff also alleges that Defendant advised Plaintiff's attorney that it would provide a defense for Plaintiff and at the eleventh hour reversed this decision and left Plaintiff to fend for itself. See id. at 2-3. Because of these circumstances Plaintiff "believes that a Rule 30(b)(6) deposition is necessary to obtain information regarding the policy and the factual background regarding Defendant's last minute decision to reverse its decision to afford a defense of the lawsuit." Id. at 3. The Court is again unpersuaded, given the applicability of the pleadings test, that the information sought is relevant to the issue to be tried first in this action, i.e., whether Defendant breached its contract of insurance with Plaintiff. Plaintiff's argument is, therefore, rejected.

Fourth, Plaintiff asserts that the deposition is necessary to "determine what is the insurance company's understanding as to pleadings drafted by a third party ...," id., and claims that

4

"this is discovery relevant to the contract claim as contemplated by <u>Bartlett v. John Hancock Mutual Life Ins. Co.</u>, 538 A.2d 997 (R.I. 1988)[, <u>abrogated on other grounds by</u> <u>Skaling v. Aetna Ins. Co.</u>, 799 A.2d 997 (R.I. 2002)]," Plaintiff's Mem. at 3. The Court's consideration of this argument is again hindered by Plaintiff's omission of pinpoint citation. In <u>Bartlett</u>, the Rhode Island Supreme Court quashed a superior court order which had granted the plaintiff's motion to compel production of the defendant insurance company's claim file. See <u>Bartlett</u>, 538 A.2d at 997. The Court explained that when claims of bad faith and breach of contract

> are brought simultaneously, the insurer is entitled to a qualified privilege against discovery on the breach-of-contract claim as provided by Rule 26(b)(2), in regard to all materials in the claim file that the insurer can demonstrate were prepared in anticipation of litigation.

<u>Bartlett</u>, 538 A.2d at 1002.

Plaintiff here is not seeking documents in Defendant's claim file, but rather wants to obtain "testimony of a human being .... who will explain what the terms of the insuring contract mean and [Defendant's] understanding of the allegations in the complaint," Plaintiff's Mem. at 3. The Court disagrees with Plaintiff's contention that such discovery is contemplated by the holding in <u>Bartlett</u>. While <u>Bartlett</u> holds that, in a breach of contract action, documents in an insurer's claim file which were not prepared in anticipation of litigation may have to be produced in discovery, <u>Bartlett</u>, 538 A.2d at 1002, there is nothing in the opinion which supports Plaintiff's implicit contention that Defendant's understanding of the policy and Defendant's thought processes regarding the allegations of the complaint affect application of the pleadings test.

In summary, the only matters relevant to the determination of whether Defendant wrongfully denied Plaintiff a defense in the

5

underlying action are 1) the pleadings in that action and 2) the insurance policies in question.[3]  Because the Rule 30(b)(6) deposition sought by Plaintiff is not "relevant to the claim or defense of any party ...," In Re Public Offering PLE Antitrust Litig., 427 F.3d 49, 51 n.2 (1st Cir. 2005)(quoting Fed. R. Civ. P. 26(b)(1)), in the breach of contract action, Defendant's Motion for Protective Order is GRANTED.

So ordered.

ENTER:                               BY ORDER:

_____            _____
DAVID L. MARTIN                      Deputy Clerk
United States Magistrate Judge
November 29, 2006

---

[3] The Court has reviewed the insurance policies and the complaint in question.  Its conclusion regarding what discovery is relevant to the application of the pleadings test remains the same.

6